*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRITTANY M. DEHAVEN,

        Plaintiff/ Counterdefendant-Appellee,

v

JEFFREY D. DEHAVEN,

        Defendant/Counterplaintiff-Appellant.

UNPUBLISHED
July 22, 2026
3:07 PM

No. 378363
Saginaw Circuit Court
LC No. 21-045224-DM

Before: MALDONADO, P.J., and RIORDAN and YOUNG, JJ.

PER CURIAM.

In this child-custody matter, defendant appeals as of right the trial court's orders denying his motion to modify custody and parenting time of the parties' minor child, denying his motion for reconsideration, and granting plaintiff's motion to suppress and strike the statements of a social worker from the record. We affirm.

## I. BACKGROUND

After the parties entered into a judgement of divorce, plaintiff was granted sole legal and physical custody of the parties' minor child. The parties' relationship and custody situation remained contentious in the intervening years, and plaintiff moved to reduce defendant's parenting time. The trial court held the first part of an evidentiary hearing on plaintiff's motion before the parties announced that they had reached an interim agreement and agreed to adjourn the evidentiary hearing. As part of the agreement, the trial court ordered the parties to attend family counseling in an attempt to settle their differences out of court. The trial court assigned Amy Sember, a licensed social worker, as the counselor after the parties could not agree on a counselor.

Plaintiff and the minor child attended sessions with Sember, and plaintiff purportedly signed a release authorizing Sember to discuss the case with the parties' attorneys. Defendant then moved to modify the custody and parenting-time order, alleging that Sember documented that plaintiff displayed "five factors of parental alienation," and also manipulated and interfered with the therapeutic process. Plaintiff asserted that any communications with Sember were privileged under MCL 333.18513 (social worker-client privilege), and she moved to suppress Sember's

-1-

alleged records and statements in the pleadings, as well as any possible testimony from Sember at the evidentiary hearing on defendant's motion.

Defendant acknowledged that the records and statements from Sember were privileged, but he argued that the trial court was allowed to pierce the privilege under MCL 330.1750(3) and MCL 600.2157a. The trial court disagreed with defendant that those statutes are applicable to this case. The trial court explained that defendant had not provided any authority, nor had the trial court found any authority, which would authorize it to pierce the privilege. The trial court acknowledged that plaintiff initially signed a consent form that allowed Sember to discuss the case with others, but it found that plaintiff had revoked her consent. Therefore, the trial court granted plaintiff's motion to suppress Sember's anticipated testimony and strike the pleadings that referenced her alleged records and statements. The trial court then denied defendant's motion to modify custody and parenting time because "[defendant's] motion was based solely off of [Sember's] report. And since I am suppressing and striking the record with the report, that cannot be the basis—he doesn't meet *Vodvarka*."[1]

Defendant moved for reconsideration, which the trial court denied. This appeal followed.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"We apply three standards of review in custody cases." *Phillips v Jordan*, 241 Mich App 17, 20; 614 NW2d 183 (2000). "All custody orders must be affirmed on appeal unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse of discretion, or the circuit court made a clear legal error on a major issue." *Lieberman v Orr*, 319 Mich App 68, 76-77; 900 NW2d 130 (2017) (quotation marks and citations omitted). The trial court's findings are against the great weight of the evidence if "the factual determination clearly preponderates in the opposite direction[.]" *Sabatine v Sabatine*, 513 Mich 276, 284; 15 NW3d 204 (2024) (quotation marks and citation omitted). A trial court abuses its discretion "if the result is so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias[.]" *Id*. (quotation marks and citation omitted). A trial court commits clear legal error when it "incorrectly chooses, interprets, or applies the law." *Id*. (quotation marks and citation omitted).

"The interpretation and application of a privilege constitute legal questions that are subject to review de novo." *People v Carrier*, 309 Mich App 92, 104; 867 NW2d 463 (2015).

### A. SOCIAL WORKER TESTIMONY

Defendant first argues that the trial court erred when it granted plaintiff's motion to suppress Sember's testimony and strike the pleadings that referenced her anticipated testimony. In so arguing, defendant does not dispute that the communications at issue are protected by

---

[1] *Vodvarka v Grasmeyer*, 259 Mich App 499; 675 NW2d 847 (2003).

Michigan's statutory social worker-client privilege. See MCL 333.18513(2) ("[A] communication between a registrant or licensee or an organization with which the registrant or licensee has an agency relationship and a client is a confidential communication."). Instead, defendant argues that the trial court was authorized to pierce the privilege under MCL 600.2157a or MCL 330.1750(3), or both, because the family counseling was "court-directed and tied to the custody determination." We disagree.

MCL 600.2157a concerns confidential communications "between a victim and a sexual assault or domestic violence counselor, or between a victim or sexual assault or domestic violence counselor and any other person to whom disclosure is reasonably necessary to further the interests of the victim . . . ." MCL 600.2157a(1)(a). This statute is inapplicable because the communications at issue were not made under such circumstances. Further, MCL 330.1750 of the Mental Health Code, MCL 330.1001 *et seq.*, provides that "[p]rivileged communications shall not be disclosed in civil, criminal, legislative, or administrative cases or proceedings" unless the patient has waived the privilege or another statutory exception applies. MCL 330.1750(1). None of the statutory exceptions set forth in MCL 330.1750(2)(a) to (f) are implicated by this case. Thus, defendant has not cited any authority by which the trial court could admit and consider the privileged communications between plaintiff and Sember.

In other words, the mere fact that the trial court directed the parties to attend counseling does not constitute a waiver of the presumptive social worker-client privilege. Rather, for the trial court to be able to consider Sember's statements, records, and testimony, there must be some statute or caselaw authorizing the trial court to do so notwithstanding the privilege. Defendant has not cited such authorization, and we are unaware of any authorization that would apply under the circumstances of this case. Accordingly, it was not an abuse of discretion or clear legal error for the trial court to grant plaintiff's motion to suppress Sember's testimony and strike the pleadings that referenced her anticipated testimony.

## B. *VODVARKA* AND DUE PROCESS

Defendant next argues that the trial court abused its discretion when it denied his motion to modify custody and parenting time without allowing him to present evidence in support of his motion. We disagree.

Under the Child Custody Act, MCL 722.21 *et seq.*, the trial court may "modify or amend its previous judgment or orders for proper cause shown or because of change in circumstances[.]" MCL 722.27(1)(c). "[I]f the movant does not establish proper cause or change in circumstances, then the court is precluded from holding a child custody hearing[.]" *Vodvarka v Grasmeyer*, 259 Mich App 499, 508; 675 NW2d 847 (2003).

> [T]o establish "proper cause" necessary to revisit a custody order, a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court. The appropriate ground(s) should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being. . . .

\* \* \*

[I]n order to establish a "change of circumstances," a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a significant effect on the child's well-being, have materially changed. Again, not just any change will suffice, for over time there will always be some changes in a child's environment, behavior, and well-being. Instead, the evidence must demonstrate something more than the normal life changes (both good and bad) that occur during the life of a child, and there must be at least some evidence that the material changes have had or will almost certainly have an effect on the child. . . . [*Id.* at 512-514 (emphasis omitted).]

Further, the trial court's decision as to whether there is proper cause or change in circumstances "must be based on admissible evidence." *Bowling v McCarrick*, 318 Mich App 568, 572 n 4; 899 NW2d 808 (2016). Under MCR 3.210(C)(8), "[i]in deciding whether an evidentiary hearing is necessary with regard to a postjudgment motion to change custody, the court must determine, by requiring an offer of proof or otherwise, whether there are contested factual issues that must be resolved in order for the court to make an informed decision on the motion."

In this case, as discussed above, the trial court did not err or otherwise abuse its discretion when it granted plaintiff's motion to suppress. Defendant's motion to change custody and parenting time was based entirely on Sember's privileged statements. Defendant therefore offered no admissible factual support for his argument that there had been proper cause or change in circumstances to warrant revisiting the existing custody order. Thus, defendant did not meet the threshold evidentiary requirement under *Vodvarka*, and the trial court did not err or abuse its discretion when it denied defendant's motion without an evidentiary hearing. See MCR 3.210(C)(8).

Defendant argues that this procedure violates his due-process rights because he did not receive an evidentiary hearing on his motion. "Parents have a significant interest in the companionship, care, custody, and management of their children, and the interest is an element of liberty protected by due process." *In re JK*, 468 Mich 202, 210; 661 NW2d 216 (2003). "At its core, due process requires the opportunity to be heard at a meaningful time and in a meaningful manner." *In re BGP*, 320 Mich App 338, 343; 906 NW2d 228 (2017) (cleaned up). Defendant's due-process rights were not violated when the trial court decided his motion without an evidentiary hearing because, in the absence of the privileged statements, defendant did not identify what meaningful facts would be introduced at the hearing. Further, we note that defendant is not precluded from filing another such motion in the future based upon other alleged evidence. If defendant does so, he may then receive an evidentiary hearing in the event that his motion is sufficient to require one. In other words, defendant is not forever precluded from receiving an evidentiary hearing on the matter of custody and parenting time.

Simply put, without Sember's statements and testimony, defendant's motion created no contested factual issue to justify holding an evidentiary hearing. Due process did not require an evidentiary hearing on defendant's motion under these circumstances.

### III. CONCLUSION

The trial court did not err or otherwise abuse its discretion when it granted plaintiff's motion to suppress and refused to conduct an evidentiary hearing. Nor did the procedural posture of this case violate defendant's due-process rights. We affirm.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Riordan
/s/ Adrienne N. Young